UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

TERRANCE WHITFIELD,

    Petitioner,

vs.     Case No. 3:15-cv-660-J-39JBT

SECRETARY, DOC, et al.,

    Respondents.

## ORDER

Petitioner initiated this action by filing a Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (Petition) (Doc. 1) on April 15, 2015, pursuant to the mailbox rule.[1] He challenges his 2011 Duval County conviction for robbery while armed with a firearm and possession of a firearm by a juvenile delinquent.

Pursuant to the Antiterrorism and Effective Death Penalty Act (AEDPA), there is a one-year period of limitation:

>     (d)(1) A 1-year period of limitation
> shall apply to an application for a writ of

---

[1] The Petition was filed with the Clerk on May 28, 2015; however, giving Petitioner the benefit of the mailbox rule, this Court finds that the Petition was filed on the date Petitioner provided his Petition to prison authorities for mailing to this Court (April 15, 2015). See Houston v. Lack, 487 U.S. 266, 276 (1988); Rule 3(d), Rules Governing Section 2254 Cases in the United States District Courts. The Court will also give Petitioner the benefit of the mailbox rule with respect to his inmate pro se state court filings when calculating the one-year limitation period under 28 U.S.C. § 2244(d).

> habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
>> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>>
>> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>>
>> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>>
>> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Respondents, in their Motion to Dismiss Petition for Writ of Habeas Corpus as Untimely (Response) (Doc. 12), contend that Petitioner has failed to comply with the one-year limitation period. They provide exhibits in support of their contention.

2

(Doc. 12).[2] Petitioner was given admonitions and a time frame to respond to the request to dismiss the Petition contained within the Response. See Court's Order (Doc. 7). Petitioner filed a reply (Reply) (Doc. 16).

The Court will provide a brief procedural history. Petitioner entered and the trial court accepted a plea of guilty. Ex. B. On January 31, 2011, judgment and sentence were entered. Ex. A at 142-46. On direct appeal, counsel filed an Anders brief. Ex. D. The 1st DCA affirmed per curiam on September 8, 2011. Ex. F. The mandate issued on October 4, 2011. Ex. G. The conviction became final on December 7, 2011 (90 days after September 8, 2011) ("According to rules of the Supreme Court, a petition for certiorari must be filed within 90 days of the appellate court's entry of judgment on the appeal or, if a motion for rehearing is timely filed, within 90 days of the appellate court's denial of that motion.").

The limitation period began to run on December 8, 2011, and ran for 314 days, until Petitioner filed a Rule 3.800(a) motion in the circuit court on October 17, 2012. Ex. L. The one-year limitation period remain tolled until the circuit court denied the

---

[2] The Court refers to the Respondents' Exhibits as "Ex." Where provided, the page numbers referenced in this opinion are the Bates stamp numbers at the bottom of each page. Otherwise, the Court will reference the page number on the particular document. The Court will reference the page numbers assigned by the electronic docketing system where applicable.

motion in an order filed on November 21, 2012. Ex. N. The limitation period began to run on November 22, 2012, and ran for a period of fifteen days, until Petitioner filed his first Rule 3.850 post conviction motion on December 7, 2012. Ex. O at 1-28, 54-84. The circuit court denied the Rule 3.850 motion in an order filed on August 15, 2014. Id. at 88-127. The one-year limitation period was tolled until December 23, 2014, when the mandate issued. Ex. Q. The limitation period began to run on December 24, 2014, and the one-year period expired thirty-six days later, on Thursday, January 29, 2015.³

Although Petitioner filed two motions seeking mitigation of his sentence pursuant to Fla. R. Crim. P. Rule 3.800(c), these motions do not qualify as applications for collateral review and do not toll the limitation period. Ex. H; Ex. J. Baker v. McNeil, 439 F. App'x 786, 788-89 (11th Cir. 2011) (per curiam) (finding Rule 3.800(c) concerns only pleas for mercy and leniency, not collateral review, and distinguishing the Rhode Island statute at issue in Wall v. Kholi, 560 U.S. 903 (2011)), cert. denied, 565 U.S. 1236 (2012). See Shanklin v. Tucker, No. 3:11cv357/RV/MD,

---

³ Respondents contend that the limitation period expired on February 4, 2015. Response at 6. They also assert that Petitioner provided his federal petition to the Florida Department of Corrections on June 16, 2015. Id. The record demonstrates otherwise. These particular dates are either incorrectly calculated or erroneously recorded by Respondents. Nevertheless, the Court finds that the Petition is untimely filed as set forth above.

4

2012 WL 1398186, at *3 (N.D. Fla. March 21, 2012) (not reported in F.Supp.2d) (Report and Recommendation) (recognizing that "[i]n Baker, the Eleventh Circuit held that state court motion for discretionary sentence reduction pursuant to Rule 3.800(c) of the Florida Rules of Criminal Procedure was not an application for state post-conviction or other collateral review, and thus petitioner's filing of such a motion did not toll the one-year limitations period for filing a federal habeas petition."), report and recommendation adopted by No. 3:11cv357/RV/MD, 2012 WL 1396238 (N.D. Fla. Apr. 23, 2012). As a result, there was no statutory tolling of the one-year statute of limitation by the filing of the Rule 3.800(c) motions.

Although Petitioner filed a second Rule 3.850 motion on September 10, 2014, Ex. R, the circuit court denied the motion as untimely filed, as well as for other reasons. Ex. S. Thus, this motion for post conviction relief did not toll the running of the limitation period. See Pace v. DiGuglielmo, 544 U.S. 408, 413 (2005) (a post conviction motion found to be untimely filed is not properly filed and does not toll).

Based on the record before the Court, Petitioner has not presented any justifiable reason why the dictates of the one-year limitation period should not be imposed upon him. Petitioner has failed to show an extraordinary circumstance, and he has not met

the burden of showing that equitable tolling is warranted.[4] Additionally, Petitioner had ample time to exhaust state remedies and prepare and file a federal petition. Therefore, this Court will dismiss the case with prejudice pursuant to 28 U.S.C. § 2244(d).[5]

Accordingly, it is now

**ORDERED:**

1. The Petition and the case are **DISMISSED WITH PREJUDICE.**

2. The **Clerk** shall enter judgment dismissing the Petition with prejudice and dismissing the case with prejudice.

3. The **Clerk** shall close the case.

---

[4] In order to be entitled to equitable tolling a petitioner is required to demonstrate two criteria: (1) the diligent pursuit of his rights and (2) some extraordinary circumstance that stood in his way and that prevented timely filing. Agnew v. Florida, No. 16-14451, 2017 WL 962489, at *5 (S.D. Fla. Feb. 1, 2017), report and recommendation adopted by No. 1614451, 2017 WL 962486 (S.D. Fla. Feb. 22, 2017). It is the petitioner's burden of persuasion, and this Petitioner has not asserted that he is entitled to equitable tolling or met the burden. See Lugo v. Sec'y, Fla. Dep't of Corr., 750 F.3d 1198, 1209 (11th Cir. 2014) (11th Cir. 2012)), cert. denied, 135 S.Ct. 1171 (2015). Instead, Petitioner contends his Petition was timely filed. Petition at 13-14; Reply at 8. As stated above, the Court finds that the Petition is untimely filed.

[5] In his grounds for habeas relief, Petitioner claims that there was lack of jurisdiction for uncharged offenses, and due process and equal protection violations occurred at sentencing. Petition at 5-7. He does not, however, claim actual innocence, see Petition & Reply, and has failed to demonstrate that he has new evidence establishing actual innocence.

4. If Petitioner appeals the dismissal of the Petition, the Court denies a certificate of appealability.[6] Because this Court has determined that a certificate of appealability is not warranted, the **Clerk** shall terminate from the pending motions report any motion to proceed on appeal as a pauper that may be filed in this case. Such termination shall serve as a denial of the motion.

**DONE AND ORDERED** at Jacksonville, Florida, this 23rd day of October, 2017.

_____
BRIAN J. DAVIS
United States District Judge

sa 10/20
c:
Terrance Whitfield
Counsel of Record

---

[6] This Court should issue a certificate of appealability only if a petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make this substantial showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,'" Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983)). Upon due consideration, this Court will deny a certificate of appealability.